FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

2009 JUN -2  PM 2: 44

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

**SHAYNA AMELIS-CASDORPH,**

        **Plaintiff,**

v.

**CLAY COUNTY SHERIFF RICK BESELER,**
**in his official capacity, and DEPUTY SHERIFF**
**TRENT CECRLE, in his individual capacity**

Case No.:

3:09-cv- 490 -f -32 JRK

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff brings this action seeking monetary damages, attorney's fees and costs against

Defendants and alleges the following:

1.      This is an action for damages, attorney's fees, and costs for the deprivation of Plaintiff

Shayna Amelis-Casdorph's rights secured by the Fourth and Fourteenth Amendments to the United

States Constitution as well claims under Florida law.

## JURISDICTION AND VENUE

2.      Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. §§1983 and 1988

and 28 U.S.C. §§1331 and 1343 as to the federal claims herein.  The court has supplemental

jurisdiction as to the state law claims asserted herein pursuant to 28 U.S.C. §1367.

3.      Venue in this district is proper pursuant to 28 U.S.C. §1391, in that the cause of

action arose in this district.

## PARTIES

4.      Plaintiff, Shayna Amelis-Casdorph is an adult resident of Jacksonville, Duval County,

Florida, and a citizen of the United States.

5.      Defendant, Sheriff Rick Beseler, was, at all times relevant, responsible for the supervision, training, instruction, discipline, control and conduct of officers in the Clay County Sheriff's Office, and further makes policy for the Clay County Sheriff's Office with respect to searches and seizures. At all times relevant, Defendant Sheriff Beseler had the power, right and duty to train and control his officers, agents and employees to conform to the United States Constitution and to ensure that all orders, rules, instructions, and regulations promulgated for the Clay County Sheriff's Office were consistent with the United States Constitution. At all times relevant to this Complaint, Defendant Sheriff Beseler, his agents and employees, acted under color of law.

6.      Defendant Trent Cecrle was, at all times relevant, a deputy sheriff with the Clay County's Sheriff's Office. Defendant Cecrle acted under color of state law and in conformance with the policies of the Clay County Sheriff's Office.

## FACTUAL ALLEGATIONS

7.      On or about March 4, 2009, Ms. Amelis-Casdorph drove to her place of employment in Clay County, Florida.

8.      As she parked her car at her place of employment, she noticed a Clay County Sheriff's Office patrol vehicle behind her with its lights activated.

9.      Ms. Amelis-Casdorph exited her vehicle and was encountered by Defendant Cecrle.

10.      Defendant Cecrle asked Ms. Amelis-Casdorph a series of rapid fire questions in a rude tone without giving Ms. Amelis-Casdorph a chance to adequately respond and then accused Ms. Amelis-Casdorph of running a stoplight and having an invalid license.

11.      Ms. Amelis-Casdorph attempted to explain to Defendant Cecrle that the Department of Motor Vehicles informed Ms. Amelis-Casdorph that her license was not suspended.

2

12.     Defendant Cecrle returned to his patrol car and exited shortly thereafter with two traffic citations for Ms. Amelis-Casdorph.

13.     After Ms. Amelis-Casdorph was presented with the citations, she was hesitant to sign the citations. In response, Defendant Cecrle told her, "If you don't sign, you're going to go to jail."

14.     When Ms. Amelis-Casdorph still appeared hesitant to sign the citations after Defendant Cecrle informed her she would go to jail if she did not sign, Defendant Cecrle grabbed Ms. Amelis-Casdorph by the arm, pushed her into his patrol vehicle three times and then slammed her to the ground.

15.     Defendant Cecrle then forcefully put his knee in the middle of Ms. Amelis-Casdorph's back as she was laying face down on the pavement.

16.     Thereafter, Defendant Cecrle violently yanked Ms. Amelis-Casdorph's right arm, which was underneath her body, handcuffed Ms. Amelis-Casdorph, and informed her that she was under arrest.

17.     Defendant Cecrle then placed Ms. Amelis-Casdorph in the back of his patrol vehicle.

18.     Defendant Cecrle then searched Ms. Amelis-Casdorph's vehicle.

19.     Shortly thereafter, two other members of the Clay County Sheriff's Office arrived at the scene, Sergeant Mickey Ciavola and Deputy Sheriff Douglas Maritato.

20.     Sgt. Ciavola approached Ms. Amelis-Casdorph, who was in the back of Defendant Cecrle's patrol vehicle crying and hyperventilating.

21.     Sgt. Ciavola spoke to Ms. Amelis-Casdorph about the incident, asked her to relax, and then ordered Defendant Cecrle to take the handcuffs off of Ms. Amelis-Casdorph.

22.     Once the handcuffs were removed, Sgt. Ciavola explained to Ms. Amelis-Casdorph

3

the traffic citation information and procedures.

23.     Ms. Amelis-Casdorph then signed the citations without incident.

24.     Thereafter, Ms. Amelis-Casdorph was released from custody and went to Orange Park Medical Center where she was treated for injuries caused by Defendant Cecrle's actions.

25.     As a result of Defendant Cecrle's actions, Ms. Amelis-Casdorph suffered injuries, including, but not limited to, injuries to her neck, back, and arms.

26.     At the time of the incident alleged above, the Clay County Sheriff's Office had received 26 separate complaints filed against Defendant Cecrle during his 3 years of service with the Clay County Sheriff's Office.

27.     Furthermore, in the 12 months prior to his encounter with Ms. Amelis-Casdorph, Defendant Cecrle was the subject of 6 formal complaints which were investigated by the Internal Affairs Unit of the Clay County Sheriff's Office. During an incident occurring approximately one month prior to the incident with Ms. Amelis-Casdorph, Defendant Cecrle broke the hand of a citizen during an improper search and seizure.

## COUNT I - UNREASONABLE SEARCH AND SEIZURE: EXCESSIVE FORCE
### (Defendant Cecrle)

28.     Paragraphs 1 through 27, above, are incorporated by reference herein.

29.     Defendant Cecrle used excessive force against Ms. Amelis-Casdorph and unlawfully detained Ms. Amelis-Casdorph by pushing Ms. Amelis-Casdorph against his patrol vehicle multiple times, slamming Ms. Amelis-Casdorph to the ground, forcing his knee into Ms. Amelis-Casdorph's back after he slammed her to the ground, and violently yanking her arm from underneath her body, handcuffing her, and placing her in the back of his patrol car, thereby engaging in an unreasonable

4

search and seizure of Ms. Amelis-Casdorph under the Fourth and Fourteenth Amendments to the United States Constitution.

30.     The actions or inactions alleged above were undertaken with Defendant Cecrle's willful, wanton, callous, and knowing disregard of the clearly established rights of Ms. Amelis-Casdorph under the law to be free from unreasonable searches and seizures.

31.     As a direct and proximate result of Defendant Cecrle's unlawful search and seizure, Ms. Amelis-Casdorph suffered damages, including, but not limited to severe pain and suffering, physical injury and mental anguish and emotional distress.

WHEREFORE, the Plaintiff demands judgment against Defendant Cecrle, individually, for:

      (a)     Actual and compensatory damages;

      (b)     Punitive damages;

      (c)     An award of attorney's fees and costs; and

      (d)     Any other relief this Court deems just and proper.

## COUNT II - UNREASONABLE SEARCH AND SEIZURE: EXCESSIVE FORCE
### (Sheriff Beseler)

32.     Paragraphs 1 through 27, above, are incorporated by reference herein.

33.     Defendant Sheriff Beseler, his agents and employees, acting within their authority and under color of State law, instituted and followed practices, customs and policies which were the moving force in the deprivation of Ms. Amelis-Casdorph's right to be free from unreasonable searches and seizures, which is actionable under 42 U.S.C. §1983, as a violation of the Fourth and Fourteenth Amendments to the United States Constitution. Additionally, the officers acting on the scene were the policymakers for Sheriff Beseler in that their decision was not immediately or

effectively reviewable.  Alternatively, Sheriff Beseler, his agents and employees, acting within their

authority and under color of State law, failed to adequately train his agents and employees with

respect to conducting searches and seizures, despite a clearly obvious and apparent need for such

training.  Alternatively, sheriff Beseler, his agents and employees had knowledge of a widespread

practice of its deputies, particularly Deputy Sheriff Cecrle, of engaging in unreasonable searches and

seizures and excessive force, and failed to take any remedial action despite such knowledge

34.     As a direct and proximate result of Sheriff Beseler's actions or inactions, Ms. Amelis-

Casdorph suffered damages, including, but not limited to, severe pain and suffering, physical injury,

and mental anguish and emotional distress.

WHEREFORE, the Plaintiff demands judgment against Defendant Sheriff Beseler for:

(a)     Actual and compensatory damages;

(b)     An award of attorney's fees and costs; and

(c)     Any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Dated this 2ⁿᵈ day of June, 2009.

Respectfully submitted,

Wm. J. Sheppard, Esquire
Florida Bar No.:  109154
D. Gray Thomas, Esquire
Florida Bar No.:  956041
Matthew R. Kachergus, Esquire
Florida Bar No.:  503282
Bryan E. DeMaggio, Esquire
Florida Bar No.: 55712
Sheppard, White, Thomas & Kachergus, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone:     (904) 356-9661
Facsimile:     (904) 356-9667
Email:         sheplaw@att.net
COUNSEL FOR PLAINTIFF

jrd[casdorph - complaint]

7